Mary C. Geddes
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>RAY LENAL MCCALL,<br><br>                Defendant. | Case No. 3:04-cr-0070-RRB<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR RESENTENCING** |

**I.    ORIGINAL SENTENCE**

       Ray McCall, was convicted by his guilty plea of Conspiracy in Relation to Cocaine and Cocaine Base Trafficking, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), and ten counts of Money Laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(I).  On February 11, 2005, this court sentenced Mr. McCall to a combined and concurrent sentence of 188 months of incarceration.[1]

       The court imposed that sentence for two reasons.

---

[1] The mandatory minimum sentence of 60 months is not affected by the guideline changes discussed in this motion.

First, there was a Rule 11(c)(1)(C) plea agreement that reflected the parties' agreement to that sentence.[2]

Second, according to the Presentence Report writer Mr. Astle, the court determined that Mr. McCall's base offense level for the drug offense was 36 and for laundering was 38. Since the offenses were groupable, the adjusted offense level was 38. Minus three levels for acceptance of responsibility, the total offense level was 35.[3] These determinations are reflected in the judgment. In criminal history category I at level 35, the sentencing range was 168-210 months of incarceration.

Therefore, the parties' agreed-upon sentence was in fact a guideline sentence, not reflecting any departures or variances, and the sentence of 188 months reflected the mid-point of the sentencing range.

## II.    IMPACT OF GUIDELINE CHANGES ON MCCALL'S GUIDELINE SENTENCE

At the time of sentencing, the crack guideline range was higher than at present. The original base offense level for Mr. McCall's drug offense was level 36, adjusted by two additional levels for money laundering.

Now, in the aftermath of the crack amendment to the Sentencing Guidelines, the base level would be level 34; adjusted by two additional levels for money laundering. The result would be an adjusted offense level of 36, minus three levels for acceptance of responsibility, and a total offense level of 33. In criminal history category I, Mr. McCall would face a sentencing range of 135-168 months. <u>The mid-point in that range would be 151 months</u> of incarceration.

---

[2] The agreement also invoked Rule 11(c)(1)(A), and the government promised to dismiss various counts of the indictment in exchange for that agreement.

[3] Mr. Astle's report did not reflect these determinations, but the judgment did.

### III. AUTHORIZATION FOR MODIFICATION

This court has jurisdiction to modify Mr. McCall's sentence now under the plain language of 18 U.S.C. § 3582(c), which provides:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

Each of the predicate conditions conferring jurisdiction are met in this case. Mr. McCall was sentenced in 2005 based on a guideline range that was lowered by the Sentencing Commission. On November 1, 2007, the Sentencing Commission issued amendments to the crack guidelines which lowered the penalties for most crack cocaine offenses. On December 11, 2007, the Commission voted to apply the crack amendments retroactively to cases sentenced before November 1, 2007. In conjunction with voting to apply the crack amendments retroactively in November 2007, the Commission also significantly modified U.S.S.G. §1B1.10, the guideline concerning retroactive application of amendments. In April 2008, the Commission further amended the sentencing guidelines to change the drug equivalency calculation between crack cocaine and marijuana in poly-drug cases. This newest change became effective May 1, 2008, and is retroactive.

### IV. REQUEST FOR HEARING AND RE-SENTENCING

The court at re-sentencing will consider the factors set forth in 18 U.S.C. § 3553(a). These factors also support a reduction in the drug sentence to no more than 151 months. Mr. McCall has applied himself in prison, taken courses, and succeeded. As the certificates attached to the

motion attest (Exhibit A), in the last two years Mr. McCall has completed courses in: drug education, real estate techniques, corporations, child development, ancient civilizations, and Arabic. He has also received a certificate of appreciation from the prison in February 2008 for his "outstanding assistance in the presentation of FCI Safford's 2008 Black History Month."

Mr. McCall has demonstrated that he has been rehabilitated, and that the public safety will be served by a slightly lower sentence than the appropriately reduced guideline range. The sentence of 151 months is, under 18 U.S.C. § 3553(a), "sufficient" for the statutory objectives, are "greater than necessary" for the purposes of 18 U.S.C. § 3553(a).

DATED at Anchorage, Alaska, this 30th day of July 2008.

Respectfully submitted,
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Mary C. Geddes
Assistant Federal Defender
Alaska Bar No. 8511157
601 West 5th Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mary_geddes@fd.org

Certification:

I certify that on July 25, 2008, a copy of the foregoing document, with attachments, was served electronically on:

Stephan A. Collins, Esq.

/s/ Mary C. Geddes